[No. 15699. Department One. July 22, 1920.]

ALLISON BURNHAM, *as Executor etc., Appellant,* v.
MABEL A. ROWLEY, *as Executrix etc.,*
*Respondent.*[1]

WITNESSES (46)—COMPETENCY—ADMISSIONS OF PERSONS SUBSE-
QUENTLY DECEASED. A ledger account kept by a person since de-
ceased, the entries therein being proven to be original, is admis-
sible upon a dispute as to the amount of payments made upon a
promissory note held by the deceased, where his executor testified
that prior to filing his inventory, the account was shown to the
debtor, also since deceased, and he admitted the same to be correct;
the weight of the executor's evidence, however, being governed by
the rule relating to conversations with a deceased person.

BILLS AND NOTES (142)—PAYMENT—EVIDENCE—SUFFICIENCY. In
an action on a promissory note given to the deceased, a payment
thereon of $2,000, and not $3,000, as claimed by the debtor, is suf-
ficiently shown, although deceased signed and gave a receipt re-
citing that $3,000 was on that date received as part payment on the
note, where the receipt stub and the indorsement on the back of
the note indicated a payment of but $2,000, the ledger account kept
by the executor showed the same amount, subsequent payments of
interest on the remaining principal showed overpayment if the
debtor's claims were accepted as true, and another circumstance
indicated a probable mistake in writing the receipt.

EQUITY (41)—EXECUTORS AND ADMINISTRATORS (149)—LACHES—
LIMITATIONS—EFFECT OF DELAY. Delay of an executor in institut-
ing an action to recover a claimed balance due on a promissory
note for a period of five years should not affect the right to recover
any sum justly due the estate; especially where, if the principal of
the note had been fully liquidated, the debtor would have had a
right of action for recovery of the note; since there was as much
delay on his part as upon the part of the executor in instituting
the action.

Appeal from a judgment of the superior court for
Clarke county, Reynolds, J., entered August 7, 1919,
upon findings in favor of the defendant, in an action
on a promissory note, tried to the court. Reversed.

[1]Reported in 191 Pac. 811.

*McMaster, Hall & Drowley,* for appellant.
*Crass & Hardin,* for respondent.

MAIN, J.—The purpose of this action was to recover the balance claimed to be due upon a promissory note. The plaintiff is the executor of the last will and testament of William C. Hazard, deceased. The original defendants were Edson M. Rowley and wife. Subsequent to the time the action was instituted, and prior to the time it came on for trial, Mr. Rowley died and Mrs. Rowley, as executrix of his last will and testament, was substituted as a party defendant. The cause was tried to the court without a jury, and resulted in a judgment dismissing the action. From this judgment, the plaintiff appeals. The facts are not in substantial dispute.

On April 8, 1911, at Vancouver, Washington, Mr. Hazard loaned to Mr. Rowley the sum of $7,500 and took a note signed by Mr. and Mrs. Rowley. The note provides for interest at eight per cent per annum, payable semi-annually. On October 8, 1911, the first installment of interest became due and was paid, the sum being $300. A like payment was made on April 8, 1912. For each of these payments Mr. Hazard wrote and delivered to Mr. Rowley a receipt. The payments are also indorsed on the back of the note. On October 8, 1912, an interest payment of $300 was made and, as the appellant contends, $2,000 on the principal. The respondent admits the interest payment of $300 on this date, but claims that the payment on the principal was $3,000 instead of $2,000. Subsequently and on March 24, 1914, a payment of $4,500 was made on the principal. If the appellant's contention as to the prior payment is correct, there was still a balance due of $1,000, aside from interest. If the respondent's con-

tention be correct, this last payment liquidated the principal of the note.

Upon the trial, the appellant offered in evidence the ledger account kept by Mr. Hazard covering this transaction, after proving the entries therein to be original. This item of evidence was excluded. Whether the ledger account was admissible under what is known as the "shop book rule" need not here be determined. The appellant testified that, just prior to the time he filed his inventory, this account was shown to Mr. Rowley and he then admitted that it was correct. Under this testimony, we think the account should have been admitted in evidence. The testimony of the appellant which made it admissible, being a conversation with a now deceased person, the evidence must be weighed in accordance with the rule in such cases. As shown by the account, the payment on the principal on October 8, 1912, was $2,000. At the time the payment was made, Mr. Hazard wrote and signed a receipt in which it is recited that $3,000 was on this day received as part payment on the principal of the note. At the same time, he wrote the receipt for $300 for the interest payment.

The principal question in the case is whether this receipt has been overcome by the other evidence in the case, which is substantially as follows: The receipt stub shows a payment of $2,000. The indorsement on the back of the note is $2,000, and, as already indicated, the ledger record made by Mr. Hazard was $2,000. On April 8, 1913, an interest payment of $220 was made, for which a receipt was given by Mr. Hazard. This was eight per cent on $5,500 for six months. If a $3,000 payment had been made, as claimed by the respondents, Mr. Rowley was voluntarily paying more interest than was due upon the note at the time. Sub-

sequent to this time and prior to October 8, 1913, when the next interest payment became due, Mr. Hazard died. On the latter date an interest payment of $220 was made to his executor. When the payment in controversy was made, Mr. Rowley gave a check to Mr. Hazard for $2,300, $300 of which was for interest. It is suggested that the other thousand dollars claimed to have been paid was in cash. There is some evidence that it was Mr. Rowley's custom to pay all larger sums by check. There is also some evidence that he sometimes paid cash. There is one other item of evidence which seems quite persuasive, and that is the ledger account of Mr. Rowley. Under date of October 8, 1912, it recites a payment of $300 interest and $2,000 on the principal of the note. Under the evidence thus detailed, the conclusion seems irresistible that the payment in controversy was $2,000 and not $3,000. Mr. Hazard at the time having just written the receipt for $300 interest, probably continued to use the "three" in front of the thousand, when receipting for the principal, instead of "two."

Some mention is made of the fact that the action was not instituted for approximately five years after the last payment was made. The fact that the executor may have delayed this period of time should not militate against his right to recover any sum that may be justly due the estate which he represents. In addition to this, if the principal of the note had been fully liquidated when the $4,500 payment was made, Mr. Rowley would have had a right to an action for the recovery of the note. There was equally as much delay upon his part as upon the part of the appellant in instituting the action.

This is not a case where the oral testimony was in conflict upon any material matter and the trial court,

after hearing the testimony, had made a finding thereon. It is a question of the proper inference to be drawn from the undisputed evidence. · In our opinion, the evidence establishes the fact that the payment in controversy was $2,000 and not $3,000.

The judgment will be reversed, and the cause remanded with directions to the superior court to enter a judgment for the balance due upon the principal of the note, together with interest.

HOLCOMB, C. J., PARKER, BRIDGES, and MITCHELL, JJ., concur.